UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELL LAVY,<br><br>Plaintiff,<br><br>v.<br><br>DENIS R. McDONOUGH, Secretary of U.S. Department of Veterans Affairs,<br><br>Defendant. | No.  2:21-cv-01590 KJM AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se.  Pre-trial proceedings were accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Id.  Pending before the court is defendant's motion to dismiss this case.  ECF No. 6.  Plaintiff opposes the motion.  ECF No. 10.  The matter was heard via zoom on January 26, 2022.  ECF No. 13.  For the reasons that follow, the undersigned recommends that defendant's motion be GRANTED and that the complaint be DISMISSED, but that plaintiff be granted leave to file an amended complaint.

**I.  BACKGROUND**

A. The Complaint

Plaintiff seeks relief for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, based on her experience as an employee at the Department of Veterans Affairs, Network Contracting Office 21, in McClellan, California.  ECF No. 1 at 3.  Plaintiff claims failure to accommodate a disability, retaliation, and termination of employment.  Id. at 4.  Plaintiff alleges the unlawful acts

1

are ongoing. Id. When asked on the form complaint to describe the basis for discrimination, plaintiff checked the box for "disability or perceived disability" and wrote in "Reprisal for known EEO protected activity." Id.

Plaintiff's only factual allegations are as follows: "Subjected to hostile/harassing work environment based on disability (failure to accommodate and comply with own reasonably accommodation rules) [sic.], reprisal for known EEO protected activity, forcing disability retirement." Id. at 5. Plaintiff attached a decision and right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dated June 7, 2021. In that decision, the EEOC notes that plaintiff alleged discrimination, hostile work environment, and reprisal for EEO activity when from "December 31, 2014 to May 30, 2015, management failed to provide her preferred accommodation of 100% telework for alleged environmental irritants in the workplace." Id. at 7.

B. Motion to Dismiss

Defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) because "the complaint contains not a single allegation" of fact. ECF No. 6-1 at 1. Defendant notes that the information provided by plaintiff "consists only of her name, her address, Defendant's name, Defendant's address, and a few vague statements such as 'May 30, 2015 Constructive Retirement,' which are unadorned by any factual detail." Id. at 2. Defendant argues that the lack of specific factual allegations leaves it without sufficient notice of plaintiff's claims. Id.

**II. ANALYSIS**

A. Legal Standards

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure] is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to

2

1 relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It
2 is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion"
3 that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A.
4 Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint
5 "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
6 on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).
7 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
8 draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

9     In reviewing a complaint under this standard, the court "must accept as true all of the
10 factual allegations contained in the complaint," construe those allegations in the light most
11 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus,
12 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,
13 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th
14 Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of
15 factual allegations, or allegations that contradict matters properly subject to judicial notice. See
16 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State
17 Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001). The court may also
18 consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
19 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other
20 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
21 1986). Facts subject to judicial notice may be considered by a court on a motion to dismiss.

22     Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
23 Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
24 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
25 of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
26 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential
27 elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
28 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se

litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Complaint Fails to State a Claim for Relief

Defendant is correct that plaintiff's complaint, as drafted, is inadequate under Fed. R. Civ. P. 12(b)(6) because it does not contain sufficient factual information to state any legal claim. In her opposition to the motion to dismiss, plaintiff argues that Fed. R. Civ. P. 8 requires only a "short and plain" statement of the claim at the Fed. R. Civ. P. 12(b)(6) stage, and she is therefore not required to provide factual details at this stage of litigation. ECF No. 10 at 2. Plaintiff further argues that, in any case, her complaint contains sufficient allegations because it provides, in relevant part: "Subjected to hostile/harassing work environment based on disability (failure to accommodate and comply with own reasonably accommodation rules), reprisal for known EEO protected activity, forcing disability retirement." Id.

Plaintiff misunderstands the pleading requirements. The language she argues is sufficient to state a claim is conclusory, and does not provide the "who, what, how, why" information needed to state a claim for relief. As explained above, a complaint must contain enough factual information (what happened, when did it happen, who did it, why was it a violation of the law) to put the defendant on notice of what is at issue. While the statement of facts should be "short and plain," rather than a lengthy narrative of irrelevant detail, it must be detailed enough so that the court and defendant understand the factual basis for the legal claims. Plaintiff's complaint, as drafted, simply does not provide enough information.

### C. Plaintiff Should Be Granted Leave to Amend

A pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment. Noll, 809 F.2d at 1448. Accordingly, although defendant's motion should be granted and plaintiff's complaint should be dismissed, plaintiff should also be allowed an opportunity to submit an amended complaint that cures the defects in the original complaint.

### D. Guidance for Amendment

Plaintiff's amended complaint must contain a short and plain statement of her claims. As

to each cause of action, plaintiff must concisely state the facts that demonstrate the violation of her legal rights. The facts supporting each claim must be enough to show each element of the claim. The legal elements of plaintiff's attempted claims are set out below.

An amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The current complaint seeks to present a claim of employment retaliation and wrongful termination under Title VII, and failure to accommodate under the ADA. Title VII prohibits retaliation by an employer "against an employee for making a charge or otherwise participating in a Title VII proceeding." Nilsson v. City of Mesa, 503 F.3d 947, 953 (9th Cir.2007). To establish a claim of retaliation, a plaintiff must plead facts showing that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action. Poland v. Chertoff, 494 F.3d 1174, 1179–80 (9th Cir. 2007); Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1065–66 (9th Cir. 2003).

To state a claim of wrongful termination under Title VII, a plaintiff must demonstrate that (1) she was a member of a protected class; (2) she was performing her job in a satisfactory manner; (3) she suffered an adverse employment action; and (4) other similarly-situated employees who were not members of the protected class were treated more favorably. Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 659 (9th Cir. 2002).

Finally, to state a failure to accommodate claim under the ADA, a plaintiff must show (1) that she was disabled under the ADA; (2) that she was a qualified individual with a disability; and

(3) that she was discriminated against by her employer because of that disability. Dunlap v. Liberty Nat. Prod., Inc., 878 F.3d 794, 798–99 (9th Cir. 2017).  The failure to make reasonable accommodations may constitute discrimination under the ADA.  Id.  The term " 'reasonable accommodation' may include ... acquisition or modification of equipment or devices ... and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9).  Whether an employer failed to make a reasonable accommodation "depends on the individual circumstances of each case, and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the [potential] accommodations." Mark H. v. Hamamoto, 620 F.3d 1090, 1098 (9th Cir. 2010) (citation omitted).  Accordingly, a complaint must specify what accommodations were requested, and the circumstances that made their denial unreasonable.

When amending her complaint, plaintiff should consider the elements of each of her claims, and make sure she states enough facts to demonstrate that each element of each claim is met.

### III.  PRO SE PLAINTIFF'S SUMMARY

The magistrate judge is recommending that your complaint be dismissed with leave to amend.  If the district judge adopts this recommendation, you will have 30 days from the district judge's order to submit an amended complaint that provides enough facts to state your legal claims.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  If you do not submit an amended complaint, your case may be dismissed.

### IV.  CONCLUSION

Accordingly, the undersigned recommends as follows:

1. That the motion to dismiss at ECF No. 6 be GRANTED and the complaint be DISMISSED; and
2. That plaintiff be allowed 30 days from the adoption of these findings and recommendations to submit an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 31, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE