UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELL LAVY,<br><br>           Plaintiff,<br><br>      v.<br><br>DENIS R. McDONOUGH, Secretary of U.S. Department of Veterans Affairs,<br><br>           Defendant. | No.  2:21-cv-1590 KJM AC PS<br><br><br>ORDER |

Plaintiff proceeds in this action in pro per.  The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

On February 1, 2022, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within twenty-one days.  ECF No. 14.  On February 16, 2022, plaintiff filed objections to the findings and recommendations.  ECF No. 15.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the recommendation is  not supported by the proper analysis.

While courts may not typically "consider material beyond the pleadings in ruling on a motion to dismiss," there are "exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment . . ." *Brode v. Fed. Aviation Admin.*, No. 19-875, 2020

WL 4004823, at *2 (C.D. Cal. Mar. 9, 2020) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F. 3d 1119, 1125 (9th Cir. 2002)). "In the context of employment discrimination cases in particular, it is well established that courts may consider the administrative record of a plaintiff's claims before the [Equal Employment Opportunity Commission (EEOC)] as judicially noticeable matters of public record." *Lacayo v. Donahoe*, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015); *see also Lenk v. Monolithic Power Sys. Inc.*, No. 19-03791, 2020 WL 619846, at *8 (N.D. Cal. Feb. 10, 2020) (observing that a court "may take judicial notice of [ ] EEOC filings or, alternatively, may consider them under the incorporation by reference doctrine"). A court may also take judicial notice of documents attached to or "properly submitted as part of the complaint." *Lee*, 250 F.3d at 688.

Here, plaintiff attaches an EEOC decision to her complaint explaining that she alleged she was "subjected to discrimination and a hostile work environment based on disability (respiratory impairment and depression) and in reprisal for prior EEO activity when: 1. From December 31, 2014 to May 30, 2015, management failed to provide her preferred accommodation of 100% telework for alleged environmental irritants in the workplace . . . ." Compl. at 7, ECF No. 1. Coupled with her allegation that defendant "forc[ed] disability retirement," *id.* at 5, this "short and plain" statement, Fed. R. Civ. P. 8(a)(2), is sufficiently detailed to put defendant on notice of the facts underlying plaintiff's claim of employment retaliation and wrongful termination under Title VII, and failure to accommodate under the ADA. Fed. R. Civ. P. 12(b)(6); *see also* Findings and Recommendations at 5–7 (outlining elements of these claims). Plaintiff need not provide any additional "detailed factual allegations . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, it is hereby ordered that defendant's **motion to dismiss is denied** and defendant's answer is due within twenty-one days. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: July 15, 2022.

CHIEF UNITED STATES DISTRICT JUDGE