UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELL LAVY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DENIS R. McDONOUGH,<br><br>　　　　Defendant. | No.  2:21-cv-01590 DJC AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action in pro se and the case was accordingly referred to the undersigned by Local Rule 302(c)(21).  Defendant moves for summary judgment, arguing that plaintiff's claims are barred by judicial estoppel.  ECF No. 36.  Plaintiff opposes the motion. ECF No. 39.  Defendant replied.  ECF No. 39.  For the reasons explained below, defendant's motion should be GRANTED.

## I. Complaint and Procedural Background

Plaintiff filed a complaint seeking relief for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, based on her experience as an employee at the Department of Veterans Affairs, Network Contracting Office 21, in McClellan, California. ECF No. 1 at 3.  Plaintiff attached a decision and right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dated June 7, 2021.  In that decision, the EEOC notes that plaintiff alleged discrimination, hostile work

environment, and reprisal for EEOC activity when from "December 31, 2014 to May 30, 2015, management failed to provide her preferred accommodation of 100% telework for alleged environmental irritants in the workplace." Id. at 7. Chief District Judge Kimberly J. Mueller denied a motion to dismiss by defendants on July 18, 2022, finding that plaintiff sufficiently put defendants on notice of her allegations in her EEOC complaint. ECF No. 18 at 2. A case schedule was set on December 8, 2022. ECF No. 34. On January 18, 2023, defendant brought the motion for summary judgment here addressed. ECF No. 36.

## II.    Standard for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

////

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248. In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Service, Inc., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### III. Statement of Undisputed Facts

The following is based on judicially noticeable and undisputed facts as submitted by the parties. ECF No. 36-1 at 3; ECF No. 36-2. In June 2018, while her EEOC administrative proceeding was pending, plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California, listing debts totaling $107,643.18, the majority of which were credit card debts. Carter Decl. Exs. C, E. Plaintiff was represented by counsel in the bankruptcy proceedings. Carter Decl. Ex. C at 7. As part of her bankruptcy, plaintiff filed a statement of financial affairs in which she was asked whether she was "a party in any lawsuit, court action, or administrative proceeding" within a year of her bankruptcy petition. Carter Decl. Ex. D at 3. Plaintiff did not list her EEOC proceeding. Id. Plaintiff also filed a schedule of assets and liabilities. Carter Decl. Ex. E. One of the questions on the schedule asks whether plaintiff has any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment" and lists, as an example, an "employment dispute[]." Id. at 5. Plaintiff responded "No." Id.

In a subsequent filing, plaintiff lodged an amended schedule of assets with the bankruptcy court. Carter Decl. Ex. F. Lavy disclosed an additional $1,700 in assets because of a retainer refund from Eric Pines, the attorney who represented her and withdrew during her EEOC proceeding. Id. at 5; see also Carter Decl. Ex. B. Her answer to the question regarding the existence of outstanding claims, however, remained "No." Id. She signed all three of these documents under penalty of perjury. In July 2018, the bankruptcy trustee filed a "Report of No Distribution," representing to the bankruptcy court that there were no funds available from the bankruptcy estate for distribution to creditors. Carter Decl. Ex. G. The bankruptcy court subsequently granted plaintiff a Chapter 7 bankruptcy discharge and closed the case in October 2018. Carter Decl. Ex. H.

After plaintiff's EEOC proceedings were resolved in favor of the Secretary on June 7, 2021, plaintiff filed this lawsuit pursuant to Title VII and the Rehabilitation Act on September 3, 2021. ECF No. 1. Plaintiff does not dispute any of the above facts, but adds that she trusted her bankruptcy lawyer, to whom she disclosed her federal EEOC matter, and who told her she did not

need to disclose the pending EEOC claim in the bankruptcy action. ECF No. 38 at 2.

### IV.   Analysis

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Courts invoke judicial estoppel "not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings.'" Id. (alteration in original).

"In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Ah Quin v. County of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013); Payless Wholesale Distribs., Inc. v. Alberto Culver Inc., 989 F.2d 570, 571 (1st Cir. 1993) ("Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively."). This rule aligns with the traditional elements of judicial estoppel: (1) the plaintiff's positions are clearly inconsistent (i.e., "a claim does not exist" versus "a claim does exist"); (2) the plaintiff succeeded in getting the first court (the bankruptcy court) to accept the first position; and (3) the plaintiff obtained an unfair advantage (discharge without allowing the creditors to learn of the pending lawsuit). Ah Quin, 733 F.3d at 271. The general rule also supports the policy underlying judicial estoppel: to prevent litigants from playing "fast and loose" with the courts and to protect the integrity of the judiciary. Id.

Here, plaintiff was aware of her EEO proceeding when she filed for bankruptcy and throughout the action, but admittedly failed to disclose the action in bankruptcy court. ECF No. 38 at 2. In opposition to the motion, plaintiff argues that she relied on her bankruptcy counsel to tell her what she needed to disclose, and asks to amend her bankruptcy filings. Id. at 2-3. It is true that mistake or inadvertence can prevent the application of judicial estoppel in certain circumstances. For example, in Ah Quin, the Ninth Circuit reversed and remanded for

5

reconsideration of the estoppel issue where the plaintiff submitted a sworn affidavit that she had not understood her obligation to disclose a pending administrative claim, plaintiff herself brought the bankruptcy case to defendants' attention, and plaintiff had re-opened the bankruptcy case to include the pending federal claim. 733 F.3d at 277- 78. The court noted that the relevant inquiry, when determining whether mistake could prevent the application of judicial estoppel, is "plaintiff's subjective intent when filling out and signing the bankruptcy schedules." Id. at 276-77.

Here, plaintiff's unsupported and conclusory assertion of mistake does not preclude application of judicial estoppel. Even if the court construed Lavy's opposition as a declaration or affidavit, her cursory assertion that her former legal counsel is to blame for the omission is not sufficient to preclude summary judgment. See Cagle v. C & S Wholesale Grocers, 505 B.R. 534, 539-40 (E.D. Cal. 2014) (finding plaintiff judicially estopped after he filed "conclusory" affidavit asserting inadvertent or mistaken omission); F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

This case is not like Ah Quin because plaintiff was not the one who brought her bankruptcy to defendant's attention and she has not taken action to re-open the bankruptcy. To the contrary, in this case unlike Ah Quin the equities support application of estoppel. Even assuming that the failure to declare the EEOC claim was an innocent mistake on plaintiff's part, the fact remains that the bankruptcy creditors were effectively deprived of funds they might theoretically have received from a resolution of the employment dispute in plaintiff's favor. Having obtained the benefit of discharge of her debts, plaintiff may not now pursue damages for a claim that she failed to disclose in the bankruptcy case.

For these reasons, this action is barred by the doctrine of estoppel.

## V. Conclusion

Accordingly, for the reasons explained above, IT IS RECOMMENDED that defendant's motion for summary judgment (ECF No. 36) be GRANTED.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

     IT IS SO ORDERED.

DATED: May 12, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE