UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELL LAVY,

          Plaintiff,

    v.

DENIS R. McDONOUGH,

          Defendant.

No.  2:21-cv-1590-DJC-AC PS

ORDER

Plaintiff Marvell Lavy is proceeding in this action in pro per.  The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

**BACKGROUND**

Plaintiff filed this action on September 3, 2021, bringing claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, based on her experience as an employee at the Department of Veterans Affairs ("VA"), Network Contracting Office 21, in McClellan, California.  (ECF No. 1.)  As Part of her Complaint, Plaintiff attached a decision and right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dated June 7, 2021.  (*Id.*)

On January 18, 2023, Defendant Denis R. McDonough filed a Motion for Summary Judgment, arguing: (1) in March 2015, Plaintiff filed an EEOC complaint for discrimination alleging that she had been subjected to disparate treatment and

1   retaliation while employed by the VA; (2) in June 2018, while her EEOC proceeding

2   was pending, Plaintiff filed a Chapter 7 bankruptcy petition in the United States

3   Bankruptcy Court for the Eastern District of California; (3) Plaintiff did not list her

4   pending EEOC proceeding in any bankruptcy documents; (4) in July 2018, the

5   bankruptcy trustee filed a "Report of No Distribution," representing to the bankruptcy

6   court that there were no funds available from the bankruptcy estate for distribution to

7   creditors; (5) in October 2018, Plaintiff was granted a Chapter 7 bankruptcy discharge,

8   and the case was closed; (6) because Plaintiff omitted her pending EEOC proceeding

9   from the bankruptcy and obtained a discharge, she is judicially estopped from

10   bringing this lawsuit.  (ECF No. 36.)

11       On May 12, 2023, the Magistrate Judge filed Findings and Recommendations

12   herein which were served on all Parties and which contained notice to all Parties that

13   any objections to the Findings and Recommendations were to be filed within twenty-

14   one days.  (ECF No. 44.)  The Magistrate Judge recommended granting summary

15   judgment.  (*Id.*)  Plaintiff filed Objections to the Findings and Recommendations.  (ECF

16   No. 45.)  Defendant filed a response to the objections.  (ECF No. 46.)

17                              **ANALYSIS**

18       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

19   304, this Court has conducted a de novo review of this case.  Having carefully

20   reviewed the entire file, the Court finds the Findings and Recommendations to be

21   supported by the record and by proper analysis.  Accordingly, as discussed further

22   below, the Court agrees that summary judgment is proper, and will grant summary

23   judgment in Defendant's favor.

24       Typically, if a plaintiff-debtor omits a pending lawsuit from their bankruptcy

25   schedules and obtains a bankruptcy discharge, judicial estoppel bars the action.  *Ah*

26   *Quin v. Cnty. of Kauai Dep't of Trans.*, 733 F.3d 267, 271 (9th Cir. 2013).  "It may be

27   appropriate to resist application of judicial estoppel when a party's prior position was

28   based on inadvertence or mistake."  *Id.*  However, when a plaintiff-debtor has not

                                    2

1    reopened bankruptcy proceedings, a narrow exception for inadvertence or mistake

2    applies.  Under the narrow interpretation, courts ask "only whether the debtor knew

3    about the claim when he or she filed the bankruptcy schedules and whether the

4    debtor had a motive to conceal the claim."  *Id.*  "This interpretation of 'inadvertence' is

5    narrow in part because the motive to conceal claims from the bankruptcy court is, as

6    several courts have explained, nearly always present."  *Id.*  In short, courts presume

7    deliberate manipulation.  *Id.* at 273.

8         However, where the plaintiff-debtor "reopens bankruptcy proceedings, corrects

9    her initial error, and allows the bankruptcy court to re-process the bankruptcy with the

10   full and correct information," courts no longer presume deliberate manipulation;

11   instead, "[t]he relevant inquiry is, more broadly, the plaintiff's subjective intent when

12   filling out and signing the bankruptcy schedules."  *Id.* at 273, 276–77.  This approach is

13   justified, in part, because once the plaintiff-debtor has amended her bankruptcy

14   schedules and the bankruptcy court has re-processed the bankruptcy with full

15   information, the plaintiff-debtor no longer obtains an advantage in the bankruptcy

16   proceeding.  *Id.* at 274–75.  Further, when a plaintiff-debtor amends her bankruptcy

17   schedules to include the previously omitted lawsuit, her creditors may now stake a

18   claim in that lawsuit and may benefit from any potential recovery.  *Id.* at 275.

19        Here, it is undisputed that Plaintiff was aware of her EEOC proceeding when

20   she filed for bankruptcy, but admittedly failed to disclose the action in bankruptcy

21   court. (ECF No. 38 at 2.)  Plaintiff argues in her defense that she fully disclosed her

22   EEOC complaint to her bankruptcy counsel but was told she did not need to disclose

23   the complaint to the bankruptcy court. (*Id.*)  Even assuming this is true, it does not

24   change the fact that Plaintiff was granted a significant benefit when her debts were

25   discharged in bankruptcy without the inclusion of her EEOC claim. (ECF No. 44 at 4.)

26   Further, to-date Plaintiff has not reopened bankruptcy proceedings and corrected this

27   mistake; thus, Plaintiff's creditors will receive nothing if she recovers in this lawsuit.

28   Accordingly, permitting Plaintiff to proceed with this lawsuit would allow her to have

her "cake and eat[] it too," an unfair advantage judicial estoppel is intended to prevent. *Dunmore v. United States*, 358 F.3d 1107, 1113 n.3 (9th Cir. 2004).

Plaintiff asks both in her Opposition to the Motion for Summary Judgment and her Objections to the Findings and Recommendations for an opportunity and time to reopen her bankruptcy proceedings and amend her schedules to disclose the EEOC proceeding.  (ECF No. 38 at 2–3; ECF No. 45 at 4.)  However, Plaintiff has had nine months since the Findings and Recommendations were filed to reopen her bankruptcy proceeding, and has failed to do so.  Accordingly, the Court finds that Plaintiff's opportunity has come and gone.

As Plaintiff has failed to reopen her bankruptcy proceeding, the Court applies the narrow exception for inadvertence or mistake announced in *Ah Quin*, and presumes deliberate manipulation.  Accordingly, the Court finds that Plaintiff's claim is judicially estopped, and grants summary judgment in Defendant's favor.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (ECF No. 44) filed May 12, 2023 are adopted in full.

2. Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED.

3. All future hearings in this matter are VACATED.

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 12, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE